

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD BOGANSKI | : NO.: 3:01CV2183 (AVC) |
| v. | : |
| CITY OF MERIDEN BOARD OF EDUCATION AND JOHN CORDANI | : MAY 26, 2004 |

### PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

The defendants, City of Meriden Board of Education and John Cordani, request that the plaintiff, Edward Boganski, answer under oath in accordance with Rule 33 of the Fed. R. Civ. P., the interrogatories attached hereto and produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Fed. R. Civ. P.

### INTERROGATORIES

1. Please state your name, address, age, occupation, and place of current employment.

**RESPONSE:**

**Edward Joseph Boganski
71 Prospect Avenue
Meriden, CT 06451
Age: 40
Occupation: Head Custodian
Employment: Benjamin Franklin School, West Main Street, Meriden, CT**

2. Identify all employment positions held by you during the ten years prior to your employment with the City of Meriden Board of Education, including the name and address of each employer, the dates employed and the type of work performed.

**RESPONSE:**

**1983-1993: J.C.'s Convenience Store, Springdale Avenue, Meriden, CT, Owner**

0002000

**Case Cleaning, Summer Street, Meriden, CT, Owner.**

3. Have you ever been suspended, terminated or been asked to resign from any employment?

**RESPONSE:**

**Yes.**

4. If your answer to the preceding interrogatory is in the affirmative, please state with reference to each suspension, termination or involuntary resignation:

    a. the reason for each suspension, termination or involuntary resignation;

    b. a brief description of any activities for which you were suspended, terminated or asked to resign;

    c. the date of each suspension, termination or involuntary resignation; and

    d. name and address of the employer and supervisor for whom you were working when you were suspended, terminated or involuntarily resigned.

**RESPONSE:**

**a.    Suspension for Failure to train and possession of Sonitrol codes;**
**b.    I was charged with failure to train other custodial and/or maintenance employees in the operation of Controlled Air and being in possession of Sonitrol code numbers;**
**c.    12/28/99, 12/29/99 and 12/30/99;**
**d.    Meriden Board of Education.**

5. State the date in which you began your employment with Meriden Board of Education, including:

    a. your job title and duties;

    b. the percentage of time you spent each week performing each duty;

0002001

   c. your weekly wage when you began this job;

   d. your weekly wage when you left this job;

   e. the financial benefits, other than wages, which you received;

   f. the name and title of your supervisor; and

   g. the name and title of all employees who performed the same work as you.

**RESPONSE:**

a. **Began employment 1993: Pulaski School, night custodian and then van driver/messenger;**
b. **night custodian: 100%, van driver/messenger 50% in each category;**
c. **I do not recall;**
d. **I do not recall;**
e. **I do not recall;**
f. **I do not recall;**
g. **I do not recall.**

   6. Identify every subsequent position you held with the Meriden Board of Education, and for each, state the following:

   a. your job title and duties;

   b. the percentage of time you spent each week performing each duty;

   c. your weekly wage when you began this job;

   d. your weekly wage when you left this job;

   e. the financial benefits, other than wages, which you received;

   f. the name and title of your supervisor; and t

   g. he name and title of all employees who performed the same work as you.

0002002

**RESPONSE:**

1. 
   a. Night Custodian - Thomas Hooker School;
   b. 100%;
   c. $15 (approx)/hr, 40 hrs/week;
   d. $15 (approx)/hr, 40 hrs/week;
   e. Those stated in contract;
   f. Thomas Cioffi, Dick Carroll;
   g. Diane Demanche.

2. 
   a. Day/Night Custodian - Thomas Edison School;
   b. 100%;
   c. $15.32/hr, 40 hrs/week;
   d. $15.32 (approx)/hr, 40 hrs/week;
   e. Those stated in contract;
   f. Freddie Santiago;
   g. None.

3. 
   a. Head Custodian - Ben Franklin School;
   b. 100%;
   c. $19.60/hr, 40 hrs/week;
   d. Current position;
   e. Those stated in contract, plus 2 weeks vacation;
   f. Tom Fannuel, Principal;
   g. None.

7. Please describe, in detail, all damages that you are claiming as a result of the defendants' alleged wrongful conduct. Be specific.

**RESPONSE:**

Economic: I had to refinance my house, fell behind on all bills, my credit was destroyed. My pay was cut: $49-50,000 salary cut to less than $32,000 per year, a loss of approximately $18,000 per year.

Children: My children were effected by my hours changing to the night shift. I am a single father of three children aged at the time of my pay cut, 9, 10 and 11 years old. I was no longer there for them when they needed me, relying on my handicapped mother to substitute for my care, plus the loss of income effected them directly.

0002003

**Emotional Distress:** Depression, anxiety, sought psychiatric counseling. Paid co-pays to doctors and pharmacy, I have paid and continue to pay.

8. To the extent you claim a psychological condition as an element of damages that you have alleged in your complaint, please state:

   a. whether you have ever been examined or treated by a psychiatrist, psychologist or therapist;

   b. the name and address of each psych1atrist, psychologist or therapist;

   c. the date of the examination or treatment;

   d. whether you have been discharged from treatment, and if so, by whom and when;

   e. and whether you anticipate further examination or treatment, and if so, why.

**RESPONSE:**

a. Yes;
b. 1. Michael Sposato, Family Practice Associates, 866 Broad Street, Meriden, CT 06450;

   2. Dr. Alan M. Smirnoff, 408 Highland Avenue, Cheshire, CT 06410;
   3. Judy Cottman Freed, Yale Plaza, Rte 5, Wallingford, CT 06460;

c. 1. 1999 - 2000;
   2. 2000 - 2002;
   3. 2002 - current;

d. No, referred to next doctor;
e. I am currently in therapy with Judy Freed.

9. State the name of any medical doctor, psychologist, psychiatrist, therapist, pastoral counselor, or the like, from whom you sought medical/social/ psychiatric care as a result of the defendants' alleged conduct.

**RESPONSE:**

0002004

**Please see my answer to No. 8, above.**

10. List the name of any medical doctor, psychologist, psychiatrist, therapist, pastoral counselor, or the like, from whom you sought medical care prior to the events alleged in the complaint.

**RESPONSE:**

**None.**

11. State the names and addresses of all physicians, surgeons, chiropractors, and hospitals, from whom or where you received treatment or examination for the injuries alleged in your complaint, and specify the dates of the treatment or examination.

**RESPONSE:**

**Please see my answer to No. 8, above.**

12. State the name, address, and occupation of any person who witnessed the conduct alleged in the complaint, with whom you have spoken about said conduct, or whom you expect to testify at trial as a witness.

**RESPONSE:**

**Mr. & Mrs. Yvonne Sobczak**
**136 Hicks Street**
**Meriden, CT**

**Mrs. Kathleen McParland, Union President**
**25 Yale Acre Road**
**Meriden, CT**

**Mr. Marshall Laderoute**
**6 Del Terrace**
**Meriden, CT**

**Mr. Ron Lewis**
**Gayle Avenue**
**Meriden, CT**

0002005

**Mr. Chris Rancourt
Address Unknown currently**

**Mr. Ronald Napoltano
45 Stevenson Road
Meriden, CT 06451**

**Mark Benigni, Mayor
Meriden, CT
203.630.2951**

13.   State the name, address, employment position and telephone number of each person who has knowledge of any of the facts that are the subject of this lawsuit.

**RESPONSE:**

**All those named in No. 12, above.**

14.   Identify each person whom the plaintiff intends to calls as an expert witness at trial.

**RESPONSE:**

**None specifically contemplated at this time other than the possibility of calling treating physicians.**

15.   State the subject matter which the expert identified above is expected to testify.

**RESPONSE:**

**Has not been discussed with any possible expert at this time.**

16.   State the substance of facts and opinions to which the claimed expert is expected to testify .

**RESPONSE:**

**Unknown at this time.**

17.   State a summary of the grounds for which opinion of each expert witness.

0002006

**RESPONSE:**

**Unknown.**

18. If you have received any money in compensation for injuries or damages arising from the events alleged in your complaint, including benefits covered under any insurance policy, please state the amount received, when received, and the name and address of the person or organization who paid such amount.

**RESPONSE:**

**None that I am aware of.**

19. State whether you, your attorney or any other representatives have statements of any parties or witnesses, signed or otherwise, in writing, adopted or approved by the person making it, or any stenographic, mechanical, electrical or other recording or a transcription thereof, made by a party or a non-party declarant regarding the subject matter of this case or concerning the actions of any party or witness therein, except statements made by a party to his attorney.

**RESPONSE:**

**Yes.**

20. Have you ever been convicted of a misdemeanor or felony? If so, please list the date of conviction and the nature of the crime.

**RESPONSE:**

**No.**

21. In your complaint, you allege that you lost wages as a result of the defendants' conduct. Please list, as of the date of your response, the specific amount of wages claimed, and the reason for said lost wages.

**RESPONSE:**

**Approximately $18,000 per year for 2 ½ years due to the demotion.**

22. List the monies wages you have received from collateral sources, including, but not limited to:

      a.    any disability policy; unemployment insurance;

      b.    other work.

**RESPONSE:**

**None.**

23.    State each and every act of yours that you contend was an exercise of your 1st Amendment right to free speech, and for each, state the following:

      a.    the date of each act that you contend was an exercise of your 1st Amendment rights;

      b.    a brief description of each act that you contend was an exercise of your 1st Amendment rights;

      c.    the name and address of each individual who witnessed the act that you contend was an exercise of your 1st Amendment rights;

      d.    and the reason(s) that you engaged in the act that you contend was an exercise of your 1st Amendment rights.

**RESPONSE:**

**a.    10/12/99;**
**b.    Told Villar I was told to make up a Purchase Order number by John Cordani;**
**c.    No one witnessed the act;**
**d.    Refused to do an illegal act.**

24.    State each and every alleged act by the defendants that you perceive to support your allegation of retaliation, and for each, state the following:

      a.    the date of the alleged retaliatory act;

      b.    the nature of the alleged retaliatory act;

      c.    the name and position of the individual who carried out the alleged retaliatory act;

0002008

      d.    all facts upon which you base your contention that the alleged act was retaliation for the plaintiff's alleged engagement in protected activity.

**RESPONSE:**

a. **Memos, suspension, demotion October 1999;**
b. **Transfer;**
c. **Glenn Lamontaigne, Assistant Superintendent;**
   **John Cordani, Manager of Buildings & Grounds;**
   **Steve Poppato, Plumber;**
d. **Memos, suspension, demotion, reputation damaged.**

25.    Identify all disciplinary action that you have received during your employment with the City of Meriden Board of Education, and for each, state the following:

    a.    the date of the disciplinary action;

    b.    a description of the disciplinary action;

    c.    the name and position of the individual who issued said disciplinary action;

    d.    the reason for said disciplinary action;

    e.    whether you grieved the disciplinary action; and

    F.    if applicable, the result of your grievance.

**RESPONSE:**

**Suspension:**

a. **Last week of Christmas, 1999;**
b. **Suspension;**
c. **Shellie Pierce, Principal; Jeffrey Villar, Asst. Principal;**
d. **Said I was a liar;**
e. **Yes;**
f. **Lost.**

0002009

**Demotion:**

a. 02/14/00;
b. Demotion;
c. John Cordani, Glenn Lamontaigne;
d. Couldn't perform job;
e. Yes;
f. Lost.

**Written warning regarding crumbs:**

a.- f.   Just wrote response to warning.

26. In paragraph 16 of your complaint, you allege "that the plaintiff was told that he would be terminated unless he accepted a demotion to a position as a second shift custodian at Thomas Hooker Elementary School." Identify the individual who allegedly made said threat, the date of the threat, and all witnesses to the alleged threat.

**RESPONSE:**

**Kathy McParland told me John Cordani told her near the end of January, 2000. There were no other witnesses.**

27. In paragraph 17 of your complaint, you allege that "the plaintiff has repeatedly been denied promotions he has sought." Identify every promotion for which you applied, the date of the application, and the name and position of the individual who denied said promotion.

**RESPONSE:**

**I have applied for various Head Custodian positions, please see my requests and grievances.**

0002010

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD BOGANSKI | : |
| VS. | :  NO. 3:01CV2183(AVC) |
| CITY OF MERIDEN BOARD OF EDUCATION, ET AL. | : : |

### OATH OF RESPONDENT

**I, EDWARD BOGANSKI**, being of sound mind and legal age, and having been duly sworn, do hereby depose and say that:

The answers to the Interrogatories and the documents provided in response to the Defendants' Interrogatories and Requests for Production are true, accurate and complete to the best of my knowledge and belief.

_____
EDWARD BOGANSKI

Subscribed and sworn to before me this 8TH day of April, 2004

_____
Notary Public
My Commission Expires June 30, 2004

0002014

THE PLAINTIFF, EDWARD BOGANSKI

BY _____
JOHN R. WILLIAMS
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
203.562.9931
FAX: 203.776.9494
Federal Bar No. ct00215
His Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on the above date to the following counsel of record:

Attorney Alexandria L. Voccio
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

Attorney Robert J. Murphy
Attorney Michael McKeon
Sullivan Schoen Campane & Connon
646 Prospect Avenue
Hartford, CT 06105

Attorney Deborah L. Moore
Corporation Counsel's Office
142 East Main Street, Room 240
Meriden, CT 06450

_____
JOHN R. WILLIAMS

0002015