UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD BOGANSKI | : NO.: 3:01CV2183 (AVC) |
| v. | : |
| CITY OF MERIDEN BOARD OF EDUCATION AND JOHN CORDANI | : JUNE 22, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

I. **UNDISPUTED FACTS**:

By way of the parties' local rule 56(a)2 statements, the plaintiff admits that the Sonitrol list was found on his desk, and that he had denied having the list in his possession. The plaintiff attempts to introduce evidence, by way of affidavit from Kathleen McParland, that other employees had a copy of the list, but that is not the issue. Boganski was not suspended for having possession of the list; he was suspended for lying about his possession of the list. The plaintiff also admits that he was directed by his supervisors to get the other custodians trained on the controlled air computer system. That training was not provided.

The plaintiff has offered no admissible evidence as to a conspiracy amongst Board of Education supervisors and/or administrators to retaliate against him for complaining about the purchase order incident. Jeffrey Villar, the assistant principal who

allegedly carried out the retaliation, and John Cordani, the subject of the plaintiff's complaints, never even communicated about the plaintiff's complaint and/or the purchase order incident. The defendants have offered legitimate, nondiscriminatory reasons for their actions.

II.     **LAW AND ARGUMENT**:

> [W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest,…a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.

Connick v. Myers, 461 U.S. 138, 147, 103 S.Ct. 1684 (1983); Burnham v. Litt, 79 F. 3d 318 (2nd Cir. 1996). "[T]he fact that an employee's speech touches on matters of public concern will not render that speech protected where the employee's motive for the speech is private and personal." Blum v. Schiegel, 18 F.3d 1005 (2nd Cir. 1994) (underline added).

In his memorandum in opposition to the defendants' motion for summary judgment, the plaintiff cites to Konitis v. Valley Stream Central High School District, 394 F.3d 121, 136 (2nd Cir. 2005) as support for his claim that his complaints are protected speech under the First Amendment. (P's Memo, p. 7). In Konitis, unlike in this case, the plaintiff alleged that she was retaliated against for actions in helping another employee challenge perceived discrimination. The court noted that "the existence of discrimination in the workplace" is a matter of public concern. Id at 125. In this case, the plaintiff was

not complaining of discriminatory and/or otherwise unlawful practices of his employer, but was rather focused on his own particular work situation.  The plaintiff admitted that he did not even formulate an opinion as to whether or not John Cordani was attempting to obtain fuel oil without the Board of Education paying for it.  See Local Rule 56(a) Statement, No. 28.  To argue now that the plaintiff was "raising a question concerning proper business procedures in the school district," is disingenuous.  This claim is unsubstantiated by any of the evidence in this case.  Indeed, the plaintiff cites to no evidence in his brief to support such a claim.  See P's Memo, pp. 7-8.

### III.   CONCLUSION

For the reasons set forth above, as well as those set forth in the defendants' prior memorandum of law, the defendants, City of Meriden Board of Education and John Cordani, are entitled to summary judgment in their favor.

```
                            DEFENDANTS,
                            CITY OF MERIDEN BOARD OF
                            EDUCATION AND JOHN CORDANI



                            By/s/Alexandria L. Voccio
                               Alexandria L. Voccio
                               ct21792
                               Howd & Ludorf, LLC
                               65 Wethersfield Avenue
                               Hartford, CT  06114
                               (860) 249-1361
                               (860) 249-7665 (Fax)
                               E-Mail: avoccio@hl-law.com
```

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 22nd day of June, 2005.

John R. Williams
Katrena Engstrom
51 Elm Street
New Haven, CT  06510

Michael McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, CT  06105-4286

Deborah L. Moore
City of Meriden
Department of Law
142 East Main Street
Meriden, CT  06450

/s/Alexandria L. Voccio
Alexandria L. Voccio