UNITED STATES DISTRICT COURT   2005 NOV 18  A 11 26

DISTRICT OF CONNECTICUT

EDWARD BOGANSKI                     :        NO.: 3:01CV2183 (AVC)
                                    :
v.                                  :
                                    :
CITY OF MERIDEN BOARD OF            :
EDUCATION AND JOHN CORDANI          :        NOVEMBER 17, 2005

## MOTION FOR RELEASE OF BOND FOR SECURITY COSTS

Pursuant to the Court's ruling dated November 1, 2005, granting the

defendants' Bill of Costs in the amount of $2,092.55, attached as Exhibit A, the

defendants, CITY OF MERIDEN BOARD OF EDUCATION AND JOHN CORDANI,

hereby move for release of plaintiff's bond for security for costs in the amount of $500

to the law firm of Howd & Ludorf, LLC, tax identification number 06-1207409, located

at 65 Wethersfield Avenue, Hartford, Connecticut 06114.

DEFENDANTS,
CITY OF MERIDEN BOARD OF
EDUCATION AND JOHN CORDANI


By _Alexandria L. Voccio_
   Alexandria L. Voccio, ct21792
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail: avoccio@hl-law.com

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

EDWARD BOGANSKI                              :
                                             :
         Vs.                                 :    CASE NO.  3:01CV2183(AVC)
                                             :
CITY OF MERIDEN BOARD OF EDUCATION and       :
JOHN CORDANI                                 :

### RULING ON DEFENDANTS' BILL OF COSTS

Judgment entered for the defendants on August 23, 2005, after a ruling entered

granting the defendants' motion for summary judgment.  Defendants filed a bill of costs

on October 3, 2005.  For the reasons stated below, defendants' bill of costs is granted

in part and denied in part.

I. <u>COURT REPORTER FEES:</u> Pursuant to Local Rule 54(c)2(ii), the cost of an

original and one copy of deposition transcripts are recoverable as costs, if used at trial

in lieu of live testimony, for cross-examination or impeachment, if used in support of a

successful motion for summary judgment, or if they are necessarily obtained in

preparation of the case and not for the convenience of counsel.  Defendants submit

claims for court reporter's fees for the depositions of Edward Boganski taken on

February 10, 2005, in the amount of $653.49 and on February 22, 2005, in the amount

of $723.98; and Kathleen McParland taken on March 17, 2005, in the amount of

$564.45.  The claims are broken down individually as follows:

<u>Edward Boganski:</u> Defendants submit claims in the amount of $653.49 and $723.98 for

depositions taken on February 10, 2005, and February 22, 2005, respectively.  These

claims are allowed as submitted.

<u>Kathleen McParland:</u> Defendants submit a claim in the amount of $564.45 for the

deposition taken March 17, 2005.  This claim is allowed as submitted.

### EXHIBIT A

Case 3:01-cv-02183-AVC   Document 63   Filed 11/01/2005   Page 2 of 2

II. <u>Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case</u>: Pursuant to Local Rule 65(c)3.(iii), the costs of exhibits appended to a successful motion for summary judgment are allowable. Defendants submit a claim for copy fees, exhibit tabs and Acco binders for exhibits appended to their motion for summary judgment in the amount of $65.63. This claim is allowed as submitted.

III. <u>Witness Fees for Attendance at a Deposition</u>: Pursuant to Local Rule 54(c)6.(iii), witness fees are taxable for attendance at a deposition if the deposition was a taxable cost. Defendants submit a claim for witness fees for Kathy McParland in the amount of $46.00. This claim is allowed in the reduced amount of $40.00 without prejudice to renewal within ten days upon a showing of what the $6.00 was for and proper authority to support being allowed.

IV. <u>Service of Subpoena</u>: Pursuant to Local Rule 54(c)1, service fees for depositions are taxable. Defendants submit a claim for service of subpoena upon Kathleen McParland in the amount of $50.00. This claim is allowed in the reduced amount of $45.00, the statutory fee had the U.S. Marshal effected service pursuant to 28 U.S. C. § 1920 and 28 U.S.C. § 1921.

V. <u>SUMMARY</u>: For the reasons previously stated, the defendants' Bill of Costs is allowed in the amount of $2,092.55.

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Hartford, Connecticut, this 1st day of November, 2005.

KEVIN F. ROWE, Clerk


By:_____/s/lik_____
Linda I. Kunofsky
Deputy in Charge